UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, et al.,

                Plaintiffs,                            **CIVIL CASE MANAGEMENT PLAN**

      -against-                                     Docket No.:
                                                               CV-20-3048 (BMC)

ROYAL MEDICAL, P.C., et al.,

                Defendants.
----------------------------------------------------------------X

**COGAN**, District Judge

       After consultation with counsel for the parties, the following Case Management Plan is adopted.  This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.**       The case   **(is)**   to be tried to a jury. [Circle as appropriate].

**B.**       Non-Expert Discovery:

       1.       The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York.  All non-expert discovery is to be completed by **January 10, 2021**, which date shall not be adjourned except upon a showing of good cause and further order of the Court.  Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

              The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

       2.       Joinder of additional parties must be accomplished by **November 3, 2020**.

      3.    Amended pleadings may be filed without leave of the Court until **November 3, 2020**.

**C.**    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

**D.**    Motions:

    1.    Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

    2.    The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a pre-motion conference in order to file dispositive motions shall be **January 17, 2021**. (Counsel shall insert a date one week after the completion date for non-expert discovery.)

        a.    There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

        b.    Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual practices.

**E.**    Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F.**     Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

Dated:  Brooklyn, New York

_____, 2020

_____
                                         U.S.D.J.

## **ATTACHMENT A**

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Rule 26 Disclosures | **September 18, 2020** |
| 2. Initial Interrogatory and Document Demands (Per FRCP) | **September 18, 2020 for Plaintiffs and Lyons Defendants** <br> **October 6, 2020 for Mullakondov Defendants** |
| 3. Depositions to be completed by <br> Plaintiffs anticipate 3-5 Depositions <br> Defendants anticipate 3-5 Depositions | **December 18, 2020** |
| 4. Expert discovery to be completed by | **TBD – Judge Cogan** |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. **PLAINTIFF'S CLAIMS:**

| Cause of Action | Amount Sought | Basis for Amount |
|---|---|---|
| 2 - | $44,000.00 – Common Law Fraud with respect to Defendants | GEICO TIN run of voluntary payments made to Royal Medical, PC |
| 3 - | $44,000.00 – Unjust Enrichment with respect to with respect to Defendants | GEICO TIN run of voluntary payments made to Royal Medical, PC |
| 4 - | $104,000.00 – Common Law Fraud with respect to Lyons, Mullakondov and MGRL, Inc. | GEICO TIN run of voluntary payments made to John Sherry Lyons, M.D. under his personal TIN |
| 5 - | $104,000.00 – Unjust Enrichment with respect to Lyons, Mullakondov and MGRL, Inc. | GEICO TIN run of voluntary payments made to John Sherry Lyons, M.D. under his personal TIN |

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

N/A

3. **THIRD-PARTY CLAIMS:**

N/A